# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BARBARA JOHNSON,<br><br>  Plaintiff,<br><br>v.<br><br>THE HOME DEPOT U.S.A., INC.,<br><br>  Defendant. | Case No. 3:13-cv-127 RRB<br><br>**Order Denying Defendant's Motion for Summary Judgment/ Partial Summary Judgment**<br><br>**Docket 21** |

## I. INTRODUCTION

This matter arises from an injury sustained by Plaintiff, Barbara Johnson, while shopping at Home Depot on June 3, 2011. The facts are relatively undisputed. Plaintiff was shopping and noticed a box containing a sink placed on the floor under the shelving. The box was marked "Kohler" and it had two handles cut into the end of the box. She squatted down and tried to pull the box out from under the shelf so she could examine the sink, and when she did the box tore and Plaintiff fell backwards onto the concrete floor. Docket 26 at 2-3. Plaintiff alleges injuries to her shoulder, back buttocks and hips from the fall. *Id.* She alleges that there were no signs or warnings on the box or the shelf under which the box had been placed, and therefore she had no warning regarding the weight of the box. *Id.*

Defendant now seeks summary judgment on the grounds that it did not breach a duty to Plaintiff. Docket 21 at 2. In the alternative, Defendant moves for partial summary judgment that the subject incident did not cause Plaintiff's alleged ongoing hip injuries. *Id.*

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of proof for showing that no fact is in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets that burden, then it falls upon the non-moving party to refute with facts that would indicate a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Summary judgment is appropriate if the facts and allegations presented by a party are merely colorable, or are not significantly probative. *Id., See also In re Lewis,* 97 F.3d 1182, 1187 (9th Cir. 1996); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1995).

## III. DISCUSSION

### A. Placement of the Box

Home Depot argues that there is no precedent for a finding of liability because a retailer placed a heavy piece of merchandise **on the floor** and out of the aisle. Docket 21 at 4. Plaintiff argues that there are questions of fact regarding "whether Home Depot acted reasonably," precluding summary judgment. Docket 26 at 4. She suggests that Home Depot had actual or at least constructive

notice that customers should be warned about attempting self-service on heavy items, based on prior litigation against Home Depot. *Id.*

Substantive Alaska law applies in this diversity matter.

In Alaska, "landowners have a duty to use due care to guard against unreasonable risks created by dangerous conditions existing on their property." This approach strikes the proper balance of recognizing a duty but requiring specific factual findings to establish a breach of this duty. Plaintiffs must show that dangerous conditions existed on the property and that the property owner did not use due care to guard against unreasonable risks posed by these dangerous conditions.

*Burnett v. Covell*, 191 P.3d 985, 989 (Alaska, 2008)(internal footnote omitted). "The duty of due care is the duty to act with that amount of care which a reasonably prudent person would use under the same or similar circumstances." *Id.* at 990. Furthermore, a "landowner or other owner of property must act as a reasonable person in maintaining his property in a reasonably safe condition in view of the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden on the respective parties of avoiding the risk." *Id.* (citation omitted).

Home Depot alleges that it elected to store the heavy sink on the floor so that it could not fall on a customer, and out of the aisle so that it would not pose a tripping hazard. Docket 29 at 3. Home Depot argues that the Plaintiff establishes no unreasonable conduct by Home Depot in its placement of the sink. Plaintiff, however, relies not only on the placement of the heavy item, but also on the failure of Home Depot to "warn its customers regarding items known to be heavy and dangerous to the customer." Docket 26 at 4, citing *Boutsis v. Home Depot,* (Unpublished) 371 Fed. Appx. 142 (2nd Cir. 2010). In *Boutsis*, the 2nd Circuit reversed summary judgment in favor of Home Depot, finding that "[g]enuine issues of material fact exist as to whether Home Depot maintained a policy

of warning customers to seek assistance before attempting to remove heavy boxes from shelves." *Id.* at 144. While the question is close, and there is ample room to argue comparative negligence, there are sufficient issues of material fact to preclude the entry of summary judgment at this time.

**B. Hip Injury**

Home Depot argues that based on the Plaintiff's medical records, the vast majority of her medical treatment in the two years following the accident involved only her left shoulder. Concern about her hip did not appear until two years post-accident. Docket 21 at 8. An Independent Medical Examiner concluded that the contusion to her buttock required, at most, three months of treatment. Home Depot complains that Plaintiff has provided no medical expert or record tying her current hip complaints to the accident. Docket 29 at 8. Home Depot argues that a layperson is not competent to determine whether ongoing symptoms were caused by a particular incident, and therefore Plaintiff's own affidavit, standing alone, is insufficient to contradict the Independent Medical Examiner. Docket 29 at 10. Accordingly, Home Depot requests a partial summary judgment ruling that any claims for low hip/buttock injury be limited to at most a period of three months post-accident.

Plaintiff argues that the proximate cause and the extent of an injury sustained by a tort victim is a question of fact under Alaska Law. Docket 26 at 6, *citing Colt Indus. Operating Corp. v. Frank W. Murphy Mfr.*, 822 P.2d 925, 929 (Alaska 1991). Plaintiff also argues the question whether and to what extent a pre-existing condition was aggravated by the injury is also a question of fact. Docket 26 at 6. While Plaintiff cannot provide expert testimony concerning her medical condition and needs, she can testify as a layperson as to how she feels and has felt and how she believes the

fall impacted her body and lifestyle. Therefore, on the limited evidence presented in the briefing, the Court declines to grant partial summary judgment on this issue at this time.

### IV.  <u>CONCLUSION</u>

In light of the foregoing, the Motion for Summary Judgment/ Partial Summary Judgment at **Docket 21** is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 2nd day of March, 2015.

                                                     S/RALPH R. BEISTLINE
                                                    UNITED STATES DISTRICT JUDGE